UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, <br><br> Plaintiff, <br><br> v. <br><br> CORY BREATON, TERRY BEANE, and BRADLEY, <br><br> Defendants. | CAUSE NO. 3:21-CV-910-JD-MGG |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a complaint alleging he was forced into a cell with a rival gang member at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Carson alleges he was in a cell alone on April 5, 2021, when Officer Angle ordered guards to relocate many inmates from the 3/4 side of the unit to the 1/2 side where he was housed. Lt. Terry Beane, Sgt. Corey Breaton, and Sgt. Bradley came to his cell with a rival gang member. Both Carson and the other offender told the officers they

could not be housed together because they had previously fought because of their gang membership and would do so again if housed together. Carson barricaded his door for thirty minutes before he was subdued with mace after being warned he would be sprayed if he did not cuff-up. Spraying him with mace was not an excessive use of force because he was actively resisting and the officers acted to restore discipline. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009).

Once Carson was removed from his cell, Lt. Beane, Sgt. Breaton, and Sgt. Bradley put the other inmate in the cell and took Carson to the dayroom, but did not allow him to decontaminate by washing off the mace. Carson alleges Lt. Beane told him he was going to suffer and burn for a while before ordering he be returned to his cell where he had previously shut off the water. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A prison official is liable under the Eighth Amendment only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim, the complaint needs to allege "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Though the brief delay while he was in the day room would not be

2

sufficient to state a claim, returning him to a cell without running water to indefinitely suffer the ongoing effects of the mace does state a claim against Lt. Terry Beane, Sgt. Corey Breaton, and Sgt. Bradley.

Carson alleges immediately after he was forced back into his cell, the rival gang member attacked him. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). To state a claim, a plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Such are the allegations here. Though Lt. Beane, Sgt. Breaton, and Sgt. Bradley immediately intervened to stop the fight, the warnings allegedly given to them by both Carson and the rival gang member put them on notice of an impending harm that was easily preventable. Though Officer Angle is alleged to have ordered numerous cell reassignments more than 30 minutes before Carson was forced into his cell with a rival gang member who attacked him, the complaint does not allege he knew anything about their gang affiliations or was personally told about the danger Carson faced. The complaint does not state a claim against him.

Carson alleges sometime later he personally spoke to Wardens Hyatt and Payne about these events, but, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir.

3

2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The complaint does not state a claim against either of the wardens.

For these reasons, the court:

(1) GRANTS Daveaun Carson leave to proceed against Lt. Terry Beane, Sgt. Corey Breaton, and Sgt. Bradley in their individual capacities for compensatory and punitive damages for preventing him from decontaminating after being sprayed with a chemical agent on April 5, 2021, in violation of the Eighth Amendment;

(2) GRANTS Daveaun Carson leave to proceed against Lt. Terry Beane, Sgt. Corey Breaton, and Sgt. Bradley in their individual capacities for compensatory and punitive damages for failing to protect him by forcing him into a cell with a rival gang member who attacked him on April 5, 2021, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Payne, Hyatte, and Angle;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Terry Beane, Sgt. Corey Breaton, and Sgt. Bradley at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Terry Beane, Sgt. Corey Breaton, and Sgt. Bradley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 14, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT